**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **1:11-CR-85-RP** |
| | § | |
| **ANTWAN DWAYNE ROGERS** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE**

Before the Court is the Agreed Motion to Revoke Supervised Release, Waiver of Final
Revocation Hearing, and Recommended Disposition, filed October 16, 2023 ("Agreed Motion")
(Dkt. 72). This Magistrate Judge submits this Report and Recommendation to the District Court,
pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local
Court Rules of the United States District Court for the Western District of Texas.

**I.    Procedural Background**

On September 6, 2011, Defendant Antwan Dwayne Rogers was sentenced to a total of
180 months imprisonment, followed by a five-year term of supervised release,[1] for possession
with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)
and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18
U.S.C. § 924(c)(1)(A)(i); and felon in possession of a firearm, in violation of 18 U.S.C.
§ 924(g)(1). Dkt. 36.

---

[1] The District Court sentenced Mr. Rogers to five years of supervised release on counts one and two and
three years of supervised release on count three, to be served concurrently, for a total of five years. Dkt. 36.

Mr. Rogers' supervision commenced on October 14, 2022. The Court issued a Petition for Warrant for Offender Under Supervision on June 20, 2023, after he was charged with Aggravated Assault with a Deadly Weapon in Travis County, Texas, but granted an agreed motion to continue Mr. Rogers on supervised release pending adjudication of the state offense on July 18, 2023. Dkt. 47; Dkt. 60. On August 17, 2023, the Court issued a warrant after Mr. Rogers was arrested for Assault Family Member in Harris County, Texas, but rescinded the warrant on September 13, 2023, following dismissal of the Harris County assault case. Dkt. 61; Dkt. 63.

Mr. Rogers now is before the Court pursuant to a Petition for Warrant for Offender Under Supervision issued October 10, 2023 ("Petition"). Dkt. 64. The Petition alleges that Mr. Rogers submitted a random urine specimen that tested positive for marijuana on September 14, 2023, in violation of Mandatory Condition of his Supervised Release No. 2: "The defendant shall not unlawfully possess a controlled substance." *Id.*

## II.   Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

The Agreed Motion states that Mr. Rogers wishes to plead true to the violation alleged in the Petition, and that he "admits that he violated Mandatory Condition No. 2 by unlawfully using marijuana in September 2023." Dkt. 72 at 2. The filing further states that Mr. Rogers' counsel has reviewed the Petition and the Adjustment Summary prepared by the Probation Office with Mr. Rogers and advised him of his right to a preliminary and final revocation hearing, including

his rights to be physically present, and his rights under Rule 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.*

The Agreed Motion states that, after consulting with counsel, Mr. Rogers wishes to waive his right to be present at his preliminary and final revocation hearings and also wishes to waive the hearings. *Id.* at 2. The agreed filing further states:

> The parties have conferred in this case and agreed that an appropriate resolution of this matter would be to **revoke Mr. Rogers's term of supervised release, sentence him to 6 months incarceration, and to find that no supervised release should follow.** Further, the parties agree that the Court should allow Mr. Rogers to self-surrender to serve the sentence on a date set no earlier than October 23, 2023, to allow Mr. Rogers to comply with his Travis County pretrial reporting requirements.

*Id.*

### III.   Findings of the Court

Based on the parties' agreement and the Agreed Motion, as well as Mr. Rogers' plea of "True" to the violation of Mandatory Condition No. 2, the Court finds that Mr. Rogers violated a condition of his supervised release by unlawfully using marijuana in September 2023. The Court further finds that Mr. Rogers has waived his preliminary and final revocation hearings, the relief sought is favorable to him and does not extend the term of supervised release, and the government does not object to the proposed resolution.

### IV.   Recommendations

Based on the agreement of the Government and the Defendant (Dkt. 72), the Court **RECOMMENDS** that Mr. Rogers' supervised release be **REVOKED** and that he be sentenced to **six (6) months** incarceration, with no supervised release to follow. The Court further **RECOMMENDS** that the District Court allow Mr. Rogers to self-surrender to serve the sentence on **October 20, 2023**, after satisfying his county pretrial reporting requirement the same day.

## V.   Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on October 17, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE